## Commonwealth v. Hooks

*Louis A. Bloom,* assistant district attorney, for Commonwealth.

*Albert Blumberg,* for defendant.

MacDade, J., March 6, 1935.—This defendant, Joseph Hooks, was charged with surety of the peace and disorderly conduct, as per transcript returned from the justice of the peace or alderman who conducted the proceedings. That is all the information said transcript contains.

The defendant moved, at the bar of the court, to quash the summary proceedings when the same was called for trial. The reasons assigned, inter alia, are as follows:

"1. Because the transcript fails to show that the alderman afforded an opportunity and suggested to the parties the propriety of compromising their differences before entering into a hearing, as required by the Act of March 18, 1909, P. L. 42, sec. 3, 19 PS §26.

"2. Because the transcript fails to show that the alderman entered into a full hearing and investigation of the facts, as required by the Act of March 18, 1909, P. L. 42, sec. 1, 19 PS §24.

"3. Because the transcript fails to set forth that the prosecutrix's danger of being hurt in body or estate was actual, and that the threats were made by the defendant maliciously and with intent to do harm, as required by the Act of March 18, 1909, P. L. 42, sec. 1, 19 PS §24.

"4. Because the alderman did not file his return immediately, as required by the Act of April 27, 1909, P. L. 260, sec. 1, 19 PS §27.

"5. Because the recognizance taken for the appearance of the defendant was not made forthwith, as required by the Act of April 27, 1909, P. L. 260, sec. 2, 19 PS §28."

The motion will have to be granted because of the first four reasons.

The Act of March 18, 1909, P. L. 42, sec. 1, provides that: "In all cases of surety of the peace, the justice of the peace before whom such case is instituted shall, before he binds anyone over to the next term of the court of quarter sessions and in the meantime to keep the peace, upon the oath of another, as provided by section six of the act of March thirty-one, one thousand eight hundred

and sixty (Pamphlet Laws, four hundred and twenty-seven), enter into a full hearing and investigation of the facts; and shall only bind over the defendant when the evidence shows, to the satisfaction of the justice, that the prosecutor's or prosecutrix's danger of being hurt in body or estate is actual, and that the threats were made by the defendant maliciously and with intent to do harm."

This section was preceded by the following preamble:

"Whereas, The oath which warrants the arrest of one who shall threaten the person of another, and his binding over to the next term of quarter sessions court and to keep the peace in the meantime, is often hastily and thoughtlessly made; and great costs unjustly put upon the several counties of the commonwealth by having many trivial cases sent to court; therefore, to remedy this evil".

Section 3 of said act also provides:

"It shall be the duty of the justice of the peace, who has entertained a complaint in a surety of the peace case, to afford an opportunity and to suggest to the parties the propriety of compromising their differences before entering into a hearing."

The Act of April 27, 1909, P. L. 260, sec. 1, expressly states that the alderman shall perform the following duty with respect to a return of the proceedings before him, as follows:

"Where a magistrate, alderman, or justice of the peace hearing any surety of the peace or desertion case shall determine to return the same to the court of quarter sessions, such return, instead of being made to the next court of quarter sessions, shall be filed immediately with the clerk of said court; and the judge or judges of the said court of quarter sessions may, whenever the said court is in session, and it is convenient, dispose of the said complaint."

A justice's record of a surety of peace case must show jurisdictional facts required by this act: (a) That the justice suggested to the parties the propriety of compro-

mising their differences; (b) full hearing and investigation of facts, and (c) that there was actual danger of prosecutor being hurt in body or estate and threats were made by defendant with intent to do harm, and if it fails to do so, the transcript will be quashed: Commonwealth v. Kern, 3 D. & C. 384 (1922). To the same effect, see Commonwealth v. Fidorek, 14 West. 33, 73 Pitts. 1080 (1925).

Under this act, it is the duty of the justice, before hearing surety of peace complaints, to make an effort to induce parties to compromise their differences, and unless the transcript shows performance of this duty, the return will be quashed: Commonwealth v. Cutsavage, 28 Dist. R. 736; Commonwealth v. Lucas, 5 D. & C. 179 (1924); Commonwealth v. Kraus, 1 D. & C. 531 (1922); Commonwealth v. Rice, 8 D. & C. 295.